UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STAPLES, | : CIVIL ACTION NO. 3:CV-12-0184 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| Warden H.L. Hufford, | : |
| Respondent | : |

## MEMORANDUM

Petitioner, William Staples, an inmate currently confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Wisconsin. Along with his petition, Staples filed an application to proceed in forma pauperis. (Doc. 4). For the reasons set forth below, the Court will grant Petitioner's motion to proceed in forma pauperis, solely for the filing of the petition, and the petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).[1]

**Procedural Background**

On March 22, 2005, a federal grand jury in the Eastern District of Wisconsin returned a six-count indictment against Staples. Staples v. United States, Civil Action No. 2:07-cv-0383

---

1.   Habeas corpus petitions brought pursuant to § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order ") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). In pertinent part, Rule 4 provides: "If it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(E.D. Wisconsin July 14, 2008). On May 23, 2005, Staples entered into a plea agreement. Id. On May 31, 2005, Staples entered a guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343 (Count One) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(g) (Count Five) of the indictment. Id.

On October 6, 2005, the District Court for the Eastern District of Wisconsin conducted a sentencing hearing and determining that the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was applicable, sentenced Staples to two hundred (200) months of incarceration on Counts One and Five, to be served concurrently, followed by a period of supervised release (a three-year term on Count One and a five-year term on Count Five, to be served concurrently). Id.

Staples appealed, pro se. Id. His arguments presented four reasons why the District Court erroneously sentenced him as an armed career criminal, and contended that the Court made several mistakes in calculating his criminal history score. See United States v. Staples, 2007 WL 1140286, *1-*2 (7th Cir. 2007). Staples also maintained that trial counsel was ineffective because she "only reluctantly adopted" his pro se objections, instead of raising them on her own. Id. The United States Court of Appeals for the Seventh Circuit affirmed Staples' conviction and sentence in an unpublished disposition. See id.

On April 25, 2007, Staples filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing numerous instances of attorney error. Staples v. United States, No. 07-cv-0383 (E.D. Wis. July 14, 2008). On July 14, 2008, the District Court denied relief and Staples did not appeal. Id.

Thereafter, Staples filed two other motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Staples v. United States, No. 08-cv-0830 (E.D. Wis. Oct. 3,

2008); Staples v. United States, No. 09-cv-0983 (E.D. Wis. Oct. 16, 2009). Both of these motions were dismissed for lack of jurisdiction and the Court advised Staples that he was required to obtain permission from the Court of Appeals to file a successive petition. Id.

On October 15, 2010, Staples filed five separate motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Staples v. United States, Nos. 10-cv-0922; 10-cv-0923; 10-cv-0924; 10-cv-0925; and 10-cv-0926 (E.D. Wis. Oct. 15, 2010). All five motions were dismissed that same day, for lack of jurisdiction for Staples' failure to first obtain permission from the Court of Appeals to file a successive petition. Id. On October 25, 2010, Staples filed a notice of appeal in all five cases. Id.

By Order dated February 10, 2011, the United States Court of Appeals for the Seventh Circuit found the following:

> In 2005, William Staples pleaded guilty to committing wire fraud and possessing a gun despite being a felon. The district court sentenced him as an armed career criminal to serve 200 months in prison. This court affirmed the judgment. United States v. Staples, No. 05-4037, 2007 WL 1140286 (Apr. 18, 2007) (unpublished order). Staples then sought collateral review under 28 U.S.C. § 2255 arguing numerous instances of attorney error. The district court denied relief and Staples did not appeal. Staples v. United States, No. 07-0383 (E.D. Wis. July 14, 2008).
>
> Since then, Staples has filed myriad motions attacking both his § 922(g) conviction and the career-criminal determination. At issue here are five such motions. The district court correctly resolved each and, thus, Staples is not entitled to certification under § 2253(c). Accordingly, we **DENY** Staples' requests for certificates of appealabilty in all five cases.
>
> Additionally, we **DENY** Staples' alternative request for authorization to mount a successive collateral attack arguing the claims brought in his motions. The proposed claims do not satisfy the criteria for authorization.
>
> Finally, we caution Staples that he will be subject to sanction if he continues to submit frivolous papers to the court. Alexander v. United States, 121 F.3d 312 (7th Cir. 1997).

Staples v. United States, Nos. 10-3479, 10-3480, 10-3482, 10-3483, and 10-3484 (7th Cir. Feb. 10, 2011).

On January 31, 2012, Staples filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he raises fifteen separate challenges to his conviction and sentence. (Doc. 1, petition).

## DISCUSSION

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Staples is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e) (stating that the motion must be filed in "the court which sentenced him").

A prisoner can pursue a section 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of section 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290

4

F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). The petitioner has the burden of proving that section 2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Staples has already filed several motions pursuant to section 2255 in the United States District Court for the Eastern District of Wisconsin. Additionally, he has filed a request in the Seventh Circuit Court of Appeals seeking permission to file second or successive section 2255 motion. However, as was noted above, his request to file a second or successive section 2255 motion has been rejected by the Seventh Circuit Court of Appeals. Based on this reason alone, this Court should dismiss his petition. See 28 U.S.C. § 2244(a).[2] The Seventh Circuit Court of Appeals' refusal to entertain Staples' request to file additional section 2255 motions does not make section 2255 inadequate or ineffective. To the contrary, it demonstrates that section 2255

---

2. 28 U.S.C. § 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as proved in Section 2255.

has been available to him on more than one occasion, regardless of his dissatisfaction with the outcome.

Accordingly, Staples has not presented any reason for allowing him to use section 2241. As noted, there must have been a limitation on scope or procedure in the section 2255 proceedings. Rejection of a petitioner's claims because they had already been litigated or are time-barred is not that type of qualifying limitation; rather, it is a recognition that the court will not adjudicate claims that have already been addressed or are jurisdictionally unreachable. Additionally, Staples' lack of success in his 2255 proceedings does not establish that the remedy afforded by section 2255 was inadequate or ineffective for him, nor is any limitation he might now have in filing additional successive 2255 motions. Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

A separate Order will be issued.

Dated: February 21, 2012

_____
**United States District Judge**